

CONFORMED COPY

1  Phillip J. Eskenazi (State Bar No. 158976)
   peskenazi@hunton.com
2  Kirk A. Hornbeck (State Bar No. 241708)
   khornbeck@hunton.com
3  John H. Dolan (State Bar No. 244668)
   jdolan@hunton.com
4  **HUNTON & WILLIAMS LLP**
   550 South Hope Street, Suite 2000
5  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
6  Facsimile: (213) 532-2020
7
   Attorneys for Defendant
8  LOWE'S HIW, INC.

9
                **UNITED STATES DISTRICT COURT**
10
                **CENTRAL DISTRICT OF CALIFORNIA**
11
12  ROBERT COHEN, an individual,          Case No.: SACV10-00425 DOC(RNBx)
    ROBERT PHILLIPS, an individual, on
13  behalf of themselves, and all others
    similarly situated,                   **NOTICE OF REMOVAL OF ACTION
14                                         PURSUANT TO 28 U.S.C. § 1441(b)**
              Plaintiffs,
15
    v.
16
17  LOWE'S HIW, INC., a Washington
    corporation authorized to do business
18  in the State of California, and DOES 1
    through 100, inclusive,
19
              Defendants.
20
21
22
23
24
25
26
27
28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Lowe's HIW, Inc. ("Lowe's") hereby removes to this Court, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, the state court action described below.  In support thereof, Lowe's states as follows:

1.    On March 5, 2010, a putative class action was filed by Plaintiffs Robert Cohen and Robert Phillips ("Plaintiffs") and is currently pending against Lowe's in the Superior Court for the State of California, County of Orange, as Case No. 30-2010-00350453, *Robert Cohen*, an individual, *Robert Phillips*, an individual *v. Lowe's HIW, Inc.* (the "Class Action").  Plaintiffs served Lowe's with the Summons and Unverified Class Action Complaint ("Complaint") on March 10, 2010.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Class Action Complaint are attached hereto as Exhibits A and B, respectively.

2.    On April 5, 2010, Lowe's filed Defendant Lowe's HIW, Inc.'s Answer to Unverified Class Action Complaint ("Answer").  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as Exhibit C.  Upon information and belief, there have been no other proceedings in the Class Action.

3.    As explained below, the Class Action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because Lowe's has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

///
///
///
///
///
///

1

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)

# I.

## LOWE'S HAS SATISFIED THE

## PROCEDURAL REQUIREMENTS FOR REMOVAL

4.     Plaintiffs served Lowe's with the Summons and Class Action Complaint on March 10, 2010.  Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service.  *See* 28 U.S.C. § 1446(b).

5.     Venue lies in the United States District Court for the Central District of California because the Class Action was filed by Plaintiffs and is now pending in this judicial district.  *See* 28 U.S.C. § 1441(a).

6.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Lowe's, which papers include the Summons, Complaint, and Answer are attached hereto as Exhibits A, B, and C, respectively.

7.     Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Orange.

# II.

## REMOVAL IS PROPER BECAUSE THIS

## COURT HAS SUBJECT MATTER JURISDICTION

8.     The Class Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have original jurisdiction over a class action if:  (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

9.     As set forth below, this is a putative class action in which, as alleged: (i) there are more than 100 members in Plaintiffs' proposed class; (ii) the Plaintiffs and the members of the putative class have a different citizenship than Lowe's, the

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

1  sole named defendant; and (iii) the claims of the proposed class members exceed the

2  sum or value of $5 million in the aggregate, exclusive of interest and costs.  Thus, this

3  Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

4  **A.      This is a Class Action Consisting of More Than 100 Members.**

5          10.    Plaintiffs propose two overlapping subclasses of persons who were

6  employed in California by Lowe's between March 5, 2006 to March 5, 2010 in "any

7  non-exempt position and who were paid a commission, including, but not limited to

8  'SOS' commissions and 'Spiffs'" and who either: (a) "[r]eceived a wage statement

9  that did not contain an itemization of those commissions, including, but not limited to

10 the number of commission units earned and/or any applicable rate thereof…" and/or

11 (b) "[i]ncurred deductions to their commissions (e.g. deductions as a result of the

12 return of defective merchandise, return of merchandise that failed to perform as

13 expected, general returns, refunds and exchanges)…".   Complaint, ¶ 3.

14         11.    Lowe's has employed approximately 37,662 hourly, non-exempt

15 employees in California since March 5, 2006.  Declaration of Robert Ihrie ("Ihrie

16 Decl."), ¶ 4.  The vast majority, if not all, of those employees are (or were) eligible to

17 earn commissions.  *Id.*

18 **B.      The Diversity of Citizenship Requirement is Satisfied.**

19         12.    Plaintiffs Robert Cohen and Robert Phillips are individuals who currently

20 reside in the State of California.  Complaint, ¶¶ 4, 5.

21         13.    The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) &

22 (d)(2)(A) refers to the place where a corporation's high level officers direct, control,

23 and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically

24 be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. __; 175 L. Ed.

25 2d 1029, 1034 (2010).  Lowe's headquarters where its high level officers direct,

26 control, and coordinate the corporation's activities are located in North Carolina.  Ihrie

27 Decl., ¶ 2.  Accordingly, for removal purposes, Lowe's is a citizen of the State of

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

1  North Carolina, not California.  The requisite diversity of citizenship therefore exists.

2  *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

3  **C.  The Amount In Controversy Requirement is Satisfied.**

4      14.    Plaintiffs have alleged causes of action pursuant to California Labor

5  Code §§ 221 and 226, and pursuant to California Business and Professions Code §

6  17200, *et seq*.  Complaint, ¶¶ 14-19, 32-44.  Plaintiffs also seek civil penalties, plus

7  costs and attorneys' fees, pursuant to The Labor Code Private Attorneys General Act,

8  California Labor Code § 2698, *et seq.* ("PAGA").  Complaint, ¶¶ 20-31.  As set forth

9  below, Plaintiffs' allegations establish that there is more than $5 million at issue.

10      15.    Plaintiffs asserted a cause of action for failure to itemize wage

11  statements.  While Lowe's believes this claim is without merit, Plaintiffs allege they

12  and "other members of CLASS A who were paid by commission and/or in part by

13  commission, wage statements, were injured."  Complaint, ¶¶ 16-19.  Under California

14  Labor Code § 226(e), an individual employee may claim "an aggregate penalty

15  of four thousand dollars" for violation of California Labor Code § 226(a).  Cal.

16  Labor Code § 226(e).  Such allegation alone presents potential exposure greater than

17  $5 million.[1]

18      16.    Plaintiffs also assert a cause of action for unlawful wage deductions.

19  While Lowe's believes this claim is also without merit, Plaintiffs allege that they and

20  "other members of CLASS B . . . [were not paid their due] commission[s] (including,

21  but not limited to "SOS" commissions and "Spiffs")."  Complaint, ¶ 34.  Plaintiffs

22  plead this as a separate cause of action carrying additional damages, further

23  establishing that the amount in controversy exceeds $5 million.

24      17.    Further still, Plaintiffs seek PAGA penalties pursuant California Labor

25  Code §§ 2699 on behalf of each member of the putative class for the alleged

26

27  ------------
   [1] Given potential penalties of $4,000 per employee, it would only take a class of 1,250

28  to reach the exposure threshold.  Here, however, Lowe's has employed approximately
   37,662 non-exempt employees during the relevant period.  Ihrie Decl., ¶ 4.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

violations of California Labor Code § 226.  The Complaint alleges those penalties are in the amount of $100 for each initial violation per pay period and $200 for each subsequent violation.  Complaint, ¶¶ 28, 29.  Given the size of the putative class, these penalties alone likely present well over $5 million in exposure.

18.     Finally, Plaintiffs seek attorneys' fees, which are properly included when calculating the CAFA $5 million exposure threshold.  *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, Case No. 05-cv-225 (C.D. Cal. July 11, 2005) (including attorneys' fees for purposes of amount in controversy requirement, and concluding that the court had jurisdiction under CAFA).

19.     Based on the foregoing, it is certain that the jurisdictional amount in controversy requirement is met and removal to this Court is proper under CAFA.

**WHEREFORE**, Lowe's hereby removes this Class Action from the Superior Court of the State of California, County of Orange to this Court, pursuant to 28 U.S.C. § 1441(b).

DATED:  April 7, 2010                              HUNTON & WILLIAMS LLP

By: _____
                                         PHILLIP J. ESKENAZI
                                         Attorneys for Defendant
                                         LOWE'S HIW, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)

IT A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

MIW / ALL
Transmittal Number: 7462484
Date Processed: 03/10/2010

| | |
|---|---|
| Primary Contact: | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| Copy of transmittal only provided to: | Stacey Davidson<br>Dona Manley<br>Holley El-Akkad<br>Gaither Keener Jr.<br>Shannon Montgomery |

| | |
|---|---|
| Entity: | Lowe's HIW, Inc.<br>Entity ID Number 0295162 |
| Entity Served: | Lowe's HIW, Inc. |
| Title of Action: | Robert Cohen vs. Lowe's HIW, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Orange County Superior Court, California |
| Case Number: | 30-2010 00350453 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/10/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | David R. Markham<br>619-239-1321 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT A**
Page 6

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAR 05 2010**

ALAN CARLSON, Clerk of the Court

BY: _R. VAVRA_, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S HIW, INC., a Washington Corporation
authorized to do business in the State of
California, and DOES 1 through 100, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT COHEN, an individual, ROBERT PHILLIPS, an individual, on
behalf of themselves, and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp) or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>751 West Santa Ana Blvd.<br>Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>**30-2010**<br>**00350453** |

JUDGE NANCY WIEBEN STOCK

**DEPT. CX105**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio
CLARK & MARKHAM LLP
600 B Street, Suite 2130, San Diego, CA 92101

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | **MAR 05 2010** | ALAN CARLSON, Clerk, by<br>*(Secretario)* | RACHELLE VAVRA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Lowe's HIW, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 3/10/10

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]


ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
Page 7

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
James M. Treglio (SBN 228077)
CLARK & MARKHAM LLP
600 B Street, Suite 2130
San Diego, CA 92101
TELEPHONE NO: (619) 239-1321   FAX NO.: (619) 239-5888
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Complex Civil Center

CASE NAME: Cohen, et al. v. Lowe's

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 05 2010

ALAN CARLSON, Clerk of the Court

BY: R. VAVRA , DEPUTY

CASE NUMBER:
30-2010
00350453

JUDGE:
JUDGE NANCY WIEBEN STOCK
DEPT. CX105

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Four: Itemized Pay Statements, Penalties, Wage Deductions, UCL
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case *(You may use form CM-015)*

Date: March 4, 2010

James M. Treglio
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A**
Page 8

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach-Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. July 1 2007]   ESSENTIAL FORMS   **CIVIL CASE COVER SHEET**   Page 2 of 2

**EXHIBIT A**
Page 9

**√ Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.**



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program.  Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation.  These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases.  It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected.  The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*.  (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

## I.  GENERAL MATTERS

1.  When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*.  Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration.  The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2.  The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq*.  All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308.  To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3.  Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4.  Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (714) 568-4700.  The local rules are available on the court's public internet home page.

5.  Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II.  Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750.  The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III.  Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. ***Form CM-110 should not be used in any action designated or provisionally designated as complex.***  Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

. 2

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference.  The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate.  A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial.   However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel; or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible.  To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided.  The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings.  A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial.  The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3

    3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC'S"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial Conference is not a substitute for the Issues Conference required by Local Rule 317.**

4

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

IX. **Use of the Court's Evidence Presentation Systems**

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

5

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits ____ to ____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not premarked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine*. It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4[th] 659, 671.

6

APPENDIX 1
## California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing in trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

7

EXHIBIT A
Page 16

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. July 1, 2009)

EXHIBIT A
Page 17

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT A
Page 18

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. February2008)                                                                 Page 2 of 4

EXHIBIT A
Page 19

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
   • Contact the California Department of Consumer Affairs, Consumer Information Center, toll free,
     1-800-852-5210.
   • Contact the Orange County Bar Association at (949) 440-6700
   • Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA)
For information regarding DRPA, contact:
   • Institute for Conflict Management (714) 288-5600
   • Community Service Programs, Inc. (949) 851-3168
   • Orange County Human Relations (714) 834-7198
   • Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                         Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                  Bar No.: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

☐ Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐ Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

       (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

       (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                    California Rules of Court, rule 3.221
L1270 (Rev February, 2008)

**EXHIBIT A**
Page 22

Superior Court of California
County of Orange

**CIVIL COMPLEX CENTER**
**751 W. Santa Ana, Blvd., Santa Ana, CA 92701 (PO BOX 22028 92702-2028)**

| DEPT | CIVIL JUDGES | NOTICED MOTIONS HEARD | EX PARTES HEARD | TELEPHONIC NOTICE TO COURTROOM NO LATER THAN | EX PARTE APPLICATION PRESENTED IN COURTROOM NO LATER THAN |
|------|--------------|----------------------|-----------------|---------------------------------------------|----------------------------------------------------------|
| CX101 | Velasquez (657) 622-5301 | Tuesdays 1:30 P.M. ("Foreclosure" cases only)  Thursdays 1:30 P.M. * | M - F, 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX102 | Andler (657) 622-5302 | Thursdays, 1:30 P.M. | M-Th, 9:00 A.M. | 10:00 am, day before ex parte hearing  Ex parte papers shall be lodged directly in dept. CX102 and not filed with the clerk's office unless otherwise ordered by the court. | 12:00 p.m., day before ex parte hearing; opposition must be in writing |
| CX103 | Bauer (657) 622-5303 | Mondays, 10:30 A.M. | Tu, Th 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX104 | Colaw (657) 622-5304 | Fridays 10:00 A.M.* | M, T, W and F, 1:30 P.M. | 12:00 a.m., day before ex parte hearing | 10:00a.m., day of ex parte hearing |
| CX105 | Stock (657) 622-5305 | Fridays, 9:00 A.M. * | M - F, 1:30 P.M. | 10:00 a.m., day before ex parte hearing | 12:00 p.m., day before ex parte hearing; opposition must be in writing |

*Law and Motion Tentative Rulings are issued and posted on the Internet.

1.  The consideration of ex parte applications shall not interfere with or delay the trial in progress. Requirements pursuant to California Rules of Court (CRC) 3.1200-3.1207 shall apply. All paperwork, including proposed pleadings or motions and orders, must be submitted with ex parte application.

    Moving party shall submit on moving papers unless the Court invites oral argument. Moving papers must:

    *   Include a declaration of Notice of Ex Parte Hearing and a proposed order.
    *   State in first paragraph of the application the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing.

2.  For information regarding fees or the Orange County Superior Court Local Rules, go to: http://www.occourts.org.

3.  Moving and responding parties shall be in the department at the appointed time. No check-ins will be received after the appointed time without good cause. There will be no second call.

4.  Teleconference appearances are available through CourtCall, LLC at (310) 914-7884 or (888) 88-COURT. Teleconference appearance is voluntary and does not require consent of the other attorneys or parties in the case. The Court does, however, reserve the right to reject any request.

5.  The Complex Litigation Panel requires the filing of a Meet and Confer statement at least 10 calendar days prior to the hearing of any motion, petition or application except discovery motions and Motions to Withdraw as Counsel of Record.

6.  The direct Fax filing number is (714) 568-5180. Refer to Orange County Superior Court Local Rule 380. (Not applicable if for complex cases subject to the Electronic Filing Order.)

**PLAINTIFF SHALL SERVE A COPY OF THE COMPLEX GUIDELINES WITH THE SUMMONS AND COMPLAINT.**

Rev Dec 21, 2009

**EXHIBIT A**
Page 23

**FILED**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*
Laura M Cotter, Clark & Markham LLP
600 B Street, Suite 2130, San Diego, CA 92101

Telephone No : (619) 239-1321          Fax No (Optional): (619) 239-5888
E-Mail Address (Optional): lcotter@clarkmarkham.com
ATTORNEY FOR *(Name):* Plaintiffs          Bar No: 259445

FOR COURT USE ONLY
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAR 05 2010**

ALAN CARLSON, Clerk of the Court

BY:          R. VAVRA          ,DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Civil Complex Center - 751 W. Santa Ana Blvd , Bldg 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Robert Cohen and Robert Phillips

DEFENDANT / RESPONDENT: Lowe's HIW, Inc

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*

CASE NUMBER 30-2010
DEPT: 00350453
JUDGE:

JUDGE NANCY WIEBEN STOCK
DEPT CX105

In response to the conflict of interest issues raised in *Apple Computer, Inc. v. The Superior Court of Los Angeles County* (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?          Yes ____     No ✓

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes ____     No ✓

    If yes, explain relationship: N/A _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?          Yes ____     No ✓

    If yes, explain: N/A _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes ____     No ✓

    If yes, explain relationship: N/A _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?          Yes ✓     No ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

March 4, 2010
_____
DATE

_____
SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

**EXHIBIT A**
Page 24

**EXHIBIT B**

$355
$550

1　David R. Markham (SBN 071814)
　　R. Craig Clark (SBN 129219)
2　James M. Treglio (SBN 228077)
　　Laura M. Cotter (SBN 259445)
3　CLARK & MARKHAM LLP
　　600 B Street, Suite 2130
4　San Diego, CA 92101
　　Telephone: (619) 239-1321
5　Facsimile: (619) 239-5888
6
7　Walter Haines (SBN 071075)
　　UNITED EMPLOYEES LAW GROUP
8　65 Pine Ave, #312
　　Long Beach, CA 90802
9　Telephone: (877) 696-8378
　　Facsimile: (562) 256-1006
10
11　Attorneys for Plaintiffs

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 05 2010

ALAN CARLSON, Clerk of the Court

BY: _____ R. VAVRA _____ , DEPUTY

**THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

12　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

13　　　　　IN AND FOR THE COUNTY OF ORANGE

**30-2010**

14　ROBERT COHEN, an individual, ROBERT　) Case No.
15　PHILLIPS, an individual, on behalf of　) **00350453**
　　themselves, and all others similarly situated,　)
　　　　　　　　　　　　　　　　　　　　　　) **CLASS AND REPRESENTATIVE ACTION**
16　　　　　　　　　　　　　　　　　　　) 
　　　　　　　　Plaintiffs,　　　　　　　　) **COMPLAINT FOR DAMAGES,**
17　　　　　　　　　　　　　　　　　　　) **RESTITUTION, PENALTIES AND**
　　　　　　　　　　　　　　　　　　　　) **INJUNCTIVE RELIEF:**
　　　　v.　　　　　　　　　　　　　　　)
18　　　　　　　　　　　　　　　　　　　) **(1) FAILURE TO ITEMIZE PAY**
　　LOWE'S HIW, INC., a Washington Corporation) **STATEMENTS IN VIOLATION OF CAL.**
19　authorized to do business in the State of　) **LAB. CODE § 226;**
　　California, and DOES 1 through 100, Inclusive.)
20　　　　　　　　　　　　　　　　　　　) **(2) PENALTIES PURSUANT TO CAL.**
　　　　　　　　Defendants.　　　　　　　) **LAB. CODE § 2699 FOR VIOLATION OF**
21　　　　　　　　　　　　　　　　　　　) **CAL. LAB. CODE § 226;**
　　　　　　　　　　　　　　　　　　　　)
22　　　　　　　　　　　　　　　　　　　) **(3) UNLAWFUL WAGE DEDUCTIONS IN**
　　**JUDGE NANCY WIEBEN STOCK**　) **VIOLATION OF CAL. LAB. CODE § 221;**
23　　　　　**DEPT. CX105**　　　　　) **and,**
　　　　　　　　　　　　　　　　　　　　)
24　　　　　　　　　　　　　　　　　　　) **(4) UNLAWFUL BUSINESS PRACTICES**
　　　　　　　　　　　　　　　　　　　　) **IN VIOLATION OF CAL. BUS. & PROF.**
25　　　　　　　　　　　　　　　　　　　) **CODE § 17200** *et seq.***;**
　　　　　　　　　　　　　　　　　　　　)
26　　　　　　　　　　　　　　　　　　　) **DEMAND FOR JURY TRIAL**

27　　　　This class/representative action is brought on behalf of all persons employed by defendant

28　LOWE'S HIW, INC. (hereinafter "Lowe's"), in the State of California who held any non-exempt

　　　　　　　　　　　　　　　　　　1

1    position and who were paid a commission, including, but not limited to "SOS" commissions and

2    "Spiffs". All allegations in this Complaint are based upon information and belief except for those

3    allegations that pertain to the PLAINTIFFS named herein and their counsel. Each allegation in

4    this Complaint either has evidentiary support or is likely to have evidentiary support after a

5    reasonable opportunity for further investigation and discovery.

6    **JURISDICTION AND VENUE**

7       1.    This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code

8    § 410.10. The action is brought pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781 et

9    seq. PLAINTIFFS bring this action on their own behalf, and on behalf of all persons within the

10   class defined.

11       2.    Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5

12   because the defendant conducts business in the County of Orange and/or because the PLAINTIFFS

13   are informed and believe that the defendant maintains a regional headquarters for the State of

14   California in the County of Orange.

15   **CLASS/REPRESENTATIVE ACTION DEFINITION**

16       3.    PLAINTIFFS bring this action on behalf of the following CLASSES on their own

17   behalf, on behalf of the general public, and on behalf of all persons similarly situated who are

18   current or former employees employed within the State of California by Lowe's who held any non-

19   exempt position and who were paid a commission, including, but not limited to "SOS"

20   commissions and "Spiffs" and who:

21       CLASS A: Received a wage statement that did not contain an itemization of those

22   commissions, including, but not limited to the number of commission units earned and/or any

23   applicable rate thereof during the four years immediately preceding the filing of this complaint

24   until the date of judgment, and/or;

25       CLASS B: Incurred deductions to their commissions (e.g. deductions as a result of

26   the return of defective merchandise, return of merchandise that failed to perform as expected,

27   general returns, refunds and exchanges) during the four years immediately preceding the filing of

28   this complaint until the date of judgment.

2

**EXHIBIT B**
Page 26

3.1. To the extent equitable tolling operates to toll claims by the CLASSES against Lowe's, the Class Period should be adjusted accordingly. The CLASSES include all such persons, whether or not they were paid hourly, by commission, or by part hourly and part commission

## CLASS ALLEGATIONS

4. PLAINTIFF ROBERT COHEN, alleges that at all material times mentioned herein, he:

(a) Is an individual who resides in the County of Orange, California;

(b) Was employed as a "Customer Service Associate" for defendant Lowe's;

(c) Received commissions, including, "SOS" commissions and "Spiffs" as part of his compensation;

(d) Did not receive accurate itemizations of his commission wages, including, but not limited to the number of commission units earned and any applicable rate thereof;

(e) Incurred deductions to his commissions, including, but not limited to deductions as a result of defendant's customers' return of defective merchandise, return of merchandise that failed to perform as expected, general returns, refunds and exchanges. Additionally, Mr COHEN did not receive accurate itemizations of the deductions made from his commissions at the time of payment of wages;

(f) Is a member of the CLASSES as defined in this Complaint

5. PLAINTIFF ROBERT PHILLIPS alleges that at all material times mentioned herein, he:

(a) Is an individual who resides in the County of Tulare, California;

(b) Was employed as a "Customer Service Associate" for defendant Lowe's;

(c) Received commissions, including, "SOS" commissions and "Spiffs" as part of his compensation;

(d) Did not receive accurate itemizations of his commission wages, including, but not limited to the number of commission units earned and any applicable rate thereof;

3

1   (e) Incurred deductions to his commissions, including, but not limited to deductions

2   as a result of defendant's customers' return of defective merchandise, return of

3   merchandise that failed to perform as expected, general returns, refunds and

4   exchanges. Additionally, Mr. PHILLIPS did not receive accurate itemizations of

5   the deductions made from his commissions at the time of payment of wages;

6   (f) Is a member of the CLASSES as defined in this Complaint.

7   6.   This Class Action meets the statutory prerequisites for the maintenance of a Class

8   Action as set forth in California Code of Civil Procedure § 382, in that:

9   (a)   The persons who comprise the CLASSES are so numerous that the joinder of all

10   such persons is impracticable and the disposition of their claims as a class will benefit the parties

11   and the Court;

12   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

13   raised in this Complaint are common to the CLASSES and will apply uniformly to every member

14   of the CLASSES, and as a practical matter be dispositive of interests of the other members not

15   party to the adjudication or substantially impair or impede their ability to protect their interests.

16   (c)   The parties opposing the CLASSES have acted or refuse to act on grounds generally

17   applicable to the CLASSES, thereby making appropriate final injunctive relief or corresponding

18   declaratory relief with respect to the CLASSES as a whole; and

19   (d)   Common questions of law and fact exist as to the members of the CLASSES and

20   predominate over any question affection only individual members, and a Class Action is superior

21   to other available methods for the fair and efficient adjudication of the controversy, including

22   consideration of

23   1) The interests of the members of the CLASSES in individually controlling the

24   prosecution or defense of separate actions;

25   2) The extent and nature of any litigation concerning the controversy already

26   commenced by or against members of the CLASSES;

27   3) The desirability or undesirability of concentrating the litigation of the claims in

28   the particular forum; and

4

CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES
AND INJUNCTIVE RELIEF

1   4) The difficulties likely to be encountered in the management of a Class Action.

2   7.   This Court should permit this action to be maintained as a Class Action pursuant to

3   California Code of Civil Procedure § 382 because:

4   (a)   The questions of law and fact common to the CLASSES predominate over any

5   question affecting only individual members;

6   (b)   A Class Action is superior to any other available method for the fair and efficient

7   adjudication of the claims of the members of the CLASSES;

8   (c)   The members of the CLASSES are so numerous that it is impractical to bring all

9   members of the CLASSES before the Court;

10   (d)   PLAINTIFFS, and the other members of the CLASSES, will not be able to obtain

11   effective and economic legal redress unless the action is maintained as a Class Action;

12   (e)   There is a community of interest in obtaining appropriate legal and equitable relief

13   for the common law and statutory violations and other improprieties, and in obtaining adequate

14   compensation for the damages and injuries which Lowe's actions have inflicted upon the

15   CLASSES;

16   (f)   There is a community of interest in ensuring that the combined assets and available

17   insurance of Lowe's is sufficient to adequately compensate the members of the CLASSES for the

18   injuries sustained;

19   (g)   Lowe's has acted or refused to act on grounds generally applicable to the

20   CLASSES, thereby making final injunctive relief appropriate with respect to the CLASSES as a

21   whole.

22   **DEFENDANTS**

23   8.   PLAINTIFFS are informed and believe, and thereupon allege that at all times

24   mentioned herein, defendant, Lowe's, is a Washington Corporation, licensed to do business and

25   actually doing business in the State of California.  Defendants own and operate an industry,

26   business and establishment in numerous separate geographic locations within the State of

27   California, including, but not limited to the County of Orange.  Thus, defendants are subject to the

28   applicable Cal. Lab Codes; California Business and Professions Code § 17200 et seq., (Unfair

5

CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES
AND INJUNCTIVE RELIEF

1   Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission of the

2   State of California

3        9.    The true names and capacities, whether individual, corporate, subsidiary,

4   partnership, associate or otherwise of defendant DOES 1 through 100, inclusive, are unknown to

5   the PLAINTIFFS who therefore sues these defendants by such fictitious names pursuant to Cal.

6   Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true

7   names and capacities of DOES 1 through 100, inclusive, when they are ascertained

8        10    At all times herein mentioned, each of said defendants participated in the doing of

9   the acts hereinafter alleged to have been done by the named defendants; and furthermore, the

10   defendants, and each of them, were the agents, servants and employees of each and every one of

11   the other defendants, as well as the agents of all defendants, and at all times herein mentioned,

12   were acting within the course and scope of said agency and employment.

13        11.    At all times mentioned herein, the defendants, and each of them, were members of,

14   and engaged in, a joint venture, partnership and common enterprise, and acting within the course

15   and scope of said agency and employment.

16        12.    At all times herein mentioned, the acts and omissions of various defendants, and

17   each of them, concurrently contributed to the various acts and omissions of each and every one of

18   the other defendants in proximately causing the wrongful conduct, harm and damages alleged

19   herein.

20        13.    At all times herein mentioned, defendants, and each of them, approved of, condoned

21   and/or otherwise ratified each and every one of the acts or omission complained of herein. At all

22   times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions

23   of each and every one of the other defendants thereby proximately causing the damages as herein

24   alleged.

25   ///

26   ///

27   ///

28   ///

6

## FIRST CAUSE OF ACTION

## FOR FAILURE TO ITEMIZE PAY STATEMENTS

### [Cal. Lab. Code §§ 226]

### (By CLASS A against all Defendants)

14.   PLAINTIFFS, and other members of CLASS A, reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint

15.   Cal. Lab. Code § 226(a) states in pertinent part that an employer at the time of each payment of wages, shall furnish each of it's employees in writing, an accurate itemized wage statement of, among other things, the basis of their commission wages (i.e. how their commission wages were calculated), including but not limited to, the number of commission units earned and any applicable rate thereof. Furthermore, Cal. Lab. Code § 226(a) requires that any deductions made to the wages of PLAINTIFFS and other members of CLASS A be accurately itemized.

16.   Despite the requirements of Cal. Lab. Code § 226(a), PLAINTIFFS, and other members of CLASS A who were paid by commission and/or in part by commission did not receive at the time of each payment of wages, accurate itemized wage statements containing the information required by Cal. Lab. Code § 226(a) in that the wage statements furnished by Lowe's to PLAINTIFFS, and other members of CLASS A who were paid by commission and/or in part by commission contained gross commission earnings, without including the basis of those wages (i.e. how the commission wages were calculated), including but not limited to, the number of commission units earned and any applicable rate thereof. Additionally, the wage statements furnished by Lowe's to PLAINTIFFS, and other members of CLASS A did not contain itemizations of the deductions made to their commission wages, nor were PLAINTIFFS, and other members of CLASS A provided with an accurate itemization of deductions at the time of each payment of wages.

17.   By reason of the above, Lowe's violated Cal. Lab. Code § 226(a) by issuing to PLAINTIFFS and other members of CLASS A who were paid by commission and/or in part by commission, wage statements which did not contain the proper itemizations of commission wages as required by Cal. Lab. Code § 226(a).

7

CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

18.    PLAINTIFFS are informed and believe that Lowe's failure to furnish and maintain accurate records of wages for PLAINTIFFS and other members of CLASS A was willful, deliberate and in conscious disregard of their rights.

19.    As a result of Lowe's wrongful and unlawful conduct, PLAINTIFFS, and other members of CLASS A have been damaged/injured in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

### FOR PENALTIES PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT ("PAGA") CAL. LAB. CODE § 2699 *ET SEQ.* FOR VIOLATION OF CAL. LAB. CODE § 226

[Cal. Lab. Code §§ 226 and 2699.3]

(By CLASS A against all Defendants)

20.    PLAINTIFFS, and other members of CLASS A, reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

21.    Cal. Lab. Code § 226(a) states in pertinent part that an employer at the time of each payment of wages, shall furnish each of it's employees in writing, an accurate itemized wage statement of, among other things, the basis of their commission wages (i.e. how their commission wages were calculated), including but not limited to, the number of commission units earned and any applicable rate thereof. Furthermore, Cal. Lab. Code § 226(a) requires that any deductions made to the wages of PLAINTIFFS and other members of CLASS A be accurately itemized.

22.    Despite the requirements of Cal. Lab. Code § 226(a), PLAINTIFFS, and other members of CLASS A who were paid by commission and/or in part by commission did not receive at the time of each payment of wages, accurate itemized wage statements containing the information required by Cal. Lab. Code § 226(a) in that the wage statements furnished by Lowe's to PLAINTIFFS, and other members of CLASS A who were paid by commission and/or in part by commission contained gross commission earnings, without including the basis of those wages (i.e. how the commission wages were calculated), including but not limited to, the number of commission units earned and any applicable rate thereof. Additionally, the wage statements furnished by Lowe's to PLAINTIFFS, and other members of CLASS A did not contain

8

1   itemizations of the deductions made to their commission wages, nor were PLAINTIFFS, and other

2   members of CLASS A provided with an accurate itemization of deductions at the time of each

3   payment of wages.

4       23    By reason of the above, Lowe's violated Cal. Lab. Code § 226(a) by issuing to

5   PLAINTIFFS and other members of CLASS A who were paid by commission and/or in part by

6   commission, wage statements which did not contain the proper itemizations of commission wages

7   as required by Cal. Lab. Code § 226(a).

8       24.    Cal Lab Code § 2698-2699, the California Private Attorneys General Act of 2004,

9   expressly establishes that any provision of the California Labor Code which provides for a civil

10  penalty to be assessed and collected by the Labor and Workforce Development Agency

11  ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a

12  violation of the California Labor Code, may be recovered through a civil action brought by an

13  aggrieved employee on behalf of himself or herself, and other current or former employees.

14      25.    Whenever the LWDA, or any of its departments, divisions, commissions, boards,

15  agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized

16  to exercise the same discretion, subject to the same limitations and conditions, to assess a civil

17  penalty

18      26    PLAINTIFFS and other members of CLASS A are "aggrieved employees" as

19  defined by Cal. Lab. Code § 2699 in that they are all current or former employees of Lowe's, and

20  one or more of the alleged violations was committed against them.

21      27.    PLAINTIFFS and other members of CLASS A assert all of their claims in this

22  Complaint against Defendants on behalf of all aggrieved employees in their capacity as "private

23  attorneys general", and seek all statutory penalties available under the California Labor Code.

24      28.    By reason of the above and pursuant to Cal. Lab. Code § 2699, PLAINTIFFS and

25  other members of CLASS A, are entitled to payment of a penalty of one hundred dollars ($100) per

26  pay period for each employee for the initial violation, and $200 for each employee per pay period

27  for each subsequent violation, within one year of the date of the filing of this complaint until the

28  date of entry of judgment.

9

---

CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES
AND INJUNCTIVE RELIEF

**EXHIBIT B**
Page 33

29.   In addition, PLAINTIFFS and other members of CLASS A seek and are entitled to have 75% of all recovered penalties allocated to the LWDA and 25% to the aggrieved employees. Further, PLAINTIFFS are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 2699 and any other applicable statute.

30.   PLAINTIFFS have complied with the notice requirements of Cal. Lab. Code § 2699.3(a)(l) prior to commencing this action.  A letter was sent to the California Labor and Workforce Development Agency on January 18, 2010, via certified mail, and copied to Lowe's on the same date, via certified mail, in accordance with Section 2699 3(a)(l).

31.   Thus far, the Labor & Workforce Development Agency has not responded to the notice given pursuant to Cal Lab. Code § 2699.3(a)(I), and under Cal Lab. Code § 2699.3 (a)(2)(A), PLAINTIFFS may pursue their claims under 2699.3.

### THIRD CAUSE OF ACTION

### FOR UNLAWFUL WAGE DEDUCTIONS

#### [Cal. Lab. Code § 221]

#### (By CLASS B against all Defendants)

32.   PLAINTIFFS, and other members of CLASS B, reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

33.   Lowe's is and was required to pay all wages earned by PLAINTIFFS and other members of CLASS B. The term "wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation (Cal Lab. Code § 200; 8 Cal. Code of Regs 11070).

34.   The wages paid to PLAINTIFFS and other members of CLASS B consist, in part, of commission (including, but not limited to "SOS" commissions and "Spiffs"). Said commission is calculated based on a percentage of sales by each employee. Employees are paid periodically for their wages earned. PLAINTIFFS and other members of CLASS B allege on information and belief that Lowe's made improper/unlawful deductions from their commission wages. Some of the improper deductions include but are not limited to deductions as a result of Lowe's customers'

10

1   return of defective merchandise, return of merchandise that failed to perform as expected, general

2   returns, refunds and exchanges. Additionally, the deductions were often made after the employee

3   was paid the earned wages and were not deducted as a result of a finding of a dishonest, willful or

4   negligent act of the employee.

5       35.   By reason of the above, Lowe's conduct was and is in violation of California law as

6   set forth in the California Labor Code (including Cal. Lab. Code §§ 201, 401-410), California Code

7   of Regulations and Industrial Welfare Commission Orders.

8                           **FOURTH CAUSE OF ACTION**

9                        **FOR UNLAWFUL BUSINESS PRACTICES**

10                        [Cal. Bus. & Prof. Code, § 17200, et seq.]

11                        (By CLASS B against all Defendants)

12      36.   PLAINTIFFS, and other members of CLASS B, reallege and incorporate by this

13   reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

14      37.   Lowe's is a "person" as that term is defined under California Business &

15   Professions Code § 17201.

16      38.   Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful,

17   unfair, or fraudulent business act or practice".

18      39.   At all times relevant hereto, by and through the conduct described herein, Lowe's

19   has engaged in unfair and unlawful practices through amongst other things, making improper

20   deductions from PLAINTIFFS and other members of CLASS B's wages and failing to provide

21   accurate itemized wage statements pursuant to the applicable Cal. Lab. Code, and Industrial

22   Welfare Commission requirements in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and has

23   thereby deprived PLAINTIFFS, and the other members of CLASS B, of fundamental rights and

24   privileges owed to them by law.

25      40.   By and through the unfair and unlawful business practices described herein, Lowe's

26   has obtained valuable property, money, and services from the PLAINTIFFS, and the other

27   members of CLASS B, and have deprived them of valuable rights and benefits guaranteed by law,

28   all to their detriment.

41.   All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus & Prof. Code § 17200 *et seq.*

42.   PLAINTIFFS, and the other members of CLASS B, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Lowe's has acquired, or of which PLAINTIFFS, and other members of CLASS B, have been deprived, by means of the above described unfair and unlawful business acts and practices.

43.   PLAINTIFFS, and the other members of CLASS B, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued restraining Lowe's from engaging in any of the above described unfair and unlawful business practices in the future.

44.   PLAINTIFFS, and the other members of CLASS B, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Lowe's. As a result of the unfair and unlawful business practices described above, PLAINTIFFS, and the other members of CLASS B, have suffered and will continue to suffer irreparable harm unless Lowe's is restrained from continuing to engage in these unfair and unlawful business practices. In addition, Lowe's should be required to disgorge the unpaid moneys to PLAINTIFFS, and the other members of CLASS B.

## PRAYER

WHEREFORE, PLAINTIFFS, on behalf of themselves, and on behalf of all other members of the CLASSES similarly situated, request judgment against Lowe's as follows:

1.   **ON THE FIRST CAUSE OF ACTION:**

    A.   For damages and/or statutory penalties according to proof;

    B.   For interest on the above said sum from the date of violation until paid in full; and,

    C.   For reasonable attorney's fees, expenses, and costs.

12

2. <u>**ON THE SECOND CAUSE OF ACTION:**</u>

    A.    For statutory penalties according to proof;

    B.    For interest on the above said sum from the date of violation until paid in full; and,

    C    For reasonable attorney's fees, expenses, and costs.

3. <u>**ON THE THIRD CAUSE OF ACTION:**</u>

    A.    For damages according to proof;

    B    For interest on the above said sum from the date of violation until paid in full; and,

    C.    For reasonable attorney's fees, expenses, and costs.

4. <u>**ON THE FOURTH CAUSE OF ACTION:**</u>

    A.    For restitution and disgorgement;

    B    For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

    C.    For reasonable attorney's fees, expenses, and costs.

5. <u>**ON ALL CAUSES OF ACTION:**</u>

    A.    For costs of suit incurred herein; and

    B.    For such other relief as the court deems just and proper.

Dated: March 4, 2010

CLARK & MARKHAM, LLP

By: _____
David R. Markham
Attorneys for Plaintiffs

13

CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF

**EXHIBIT B**
Page 37

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand jury trial on issues triable to a jury.

Dated: March 4, 2010

**CLARK & MARKHAM, LLP**

By: _____
David R. Markham
Attorneys for Plaintiffs

14

1 | Phillip J. Eskenazi (State Bar No. 158976)
peskenazi@hunton.com
2 | Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@hunton.com
3 | John H. Dolan (State Bar No. 244668)
jdolan@hunton.com
4 | **HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
5 | Los Angeles, California 90071-2627
Telephone: (213) 532-2000
6 | Facsimile: (213) 532-2020

7 | Attorneys for Defendant
LOWE'S HIW, INC.
8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF ORANGE**

11 |

12 | ROBERT COHEN, an individual,
ROBERT PHILLIPS, an individual, on
13 | behalf of themselves, and all others
similarly situated,
14 |

15 | Plaintiffs,

16 | v.

17 | LOWE'S HIW, INC., a Washington
corporation authorized to do business
18 | in the State of California, and DOES 1
through 100, inclusive,
19 |

20 | Defendants.

CASE NO.: 30-2010-00350453

[The Hon. Nancy Wieben Stock]

Department: CX105

**DEFENDANT LOWE'S HIW, INC.'S
ANSWER TO UNVERIFIED CLASS
ACTION COMPLAINT**

Date Action Filed: March 5, 2010

*(left margin)* Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Defendant Lowe's HIW, Inc. ("Lowe's") hereby answers the unverified Class Action

2  Complaint ("Complaint") of Plaintiffs Robert Cohen and Robert Phillips ("Plaintiffs") as follows:

3

4                          **GENERAL DENIAL OF ALLEGATIONS**

5       1.     Pursuant to California Code of Civil Procedure Section 431.30(d), Lowe's generally

6  denies the unverified allegations in the Complaint.

7

8                               **AFFIRMATIVE DEFENSES**

9       Without waiving or excusing the burden of proof on Plaintiffs' causes of actions, or

10  admitting that Lowe's has any burden of proof, Lowe's hereby asserts the following affirmative

11  defenses:

12                         **FIRST AFFIRMATIVE DEFENSE**

13                         (Failure to State a Cause of Action)

14      2.     Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to

15  constitute a cause of action against Lowe's.

16                        **SECOND AFFIRMATIVE DEFENSE**

17                                  (*Res Judicata*)

18      3.     Some or all of Plaintiffs' causes of action are barred by the doctrine of *res judicata*.

19                         **THIRD AFFIRMATIVE DEFENSE**

20                              (Collateral Estoppel)

21      4.     Some or all of Plaintiffs' causes of action are barred by the doctrine of collateral

22  estoppel.

23                        **FOURTH AFFIRMATIVE DEFENSE**

24                                  (Release)

25      5.     Plaintiffs' causes of action are barred, in whole or in part, by the release of Plaintiffs'

26  causes of action in other settlements.

27  ///

28  ///

*(left margin, rotated)* Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

6.    Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

7.    Plaintiffs' causes of action are barred, in whole or in part, by the *de minimis* doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification / Privilege)

8.    Plaintiffs' causes of action are barred to the extent the conduct of Lowe's was justified and privileged under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care Doctrine)

9.    Plaintiffs' causes of action are barred, in whole or in part, because Lowe's took reasonable steps to correct and / or prevent any of the harm alleged by Plaintiffs and Plaintiffs failed to take advantage of opportunities to avoid harm.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

10.    Plaintiffs' causes of action are barred, in whole or in part, because Lowe's at all times acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code with respect to matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

11.    Plaintiffs' causes of action are barred, in whole or in part, because they consented to and acquiesced in the alleged conduct of Lowe's of which they now complain.

/ / /

/ / /

/ / /

1                  **ELEVENTH AFFIRMATIVE DEFENSE**

2                  (Failure to Exhaust Administrative Remedies)

3        12.     Plaintiffs are barred from relief to the extent they were required, but failed, to exhaust

4  administrative remedies.

5                  **TWELFTH AFFIRMATIVE DEFENSE**

6                  (Failure to Mitigate)

7        13.     Plaintiffs' recovery must be reduced as a result of their failure to mitigate their

8  alleged damages, if any.

9                  **THIRTEENTH AFFIRMATIVE DEFENSE**

10                  (Statute of Limitations)

11        14.     Plaintiffs' causes of action are barred, in whole or in part, by the applicable statutes of

12  limitations.

13                  **FOURTEENTH AFFIRMATIVE DEFENSE**

14                  (Waiver)

15        15.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of waiver.

16                  **FIFTEENTH AFFIRMATIVE DEFENSE**

17                  (Laches)

18        16.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of laches.

19                  **SIXTEENTH AFFIRMATIVE DEFENSE**

20                  (Estoppel)

21        17.     Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of estoppel.

22                  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23                  (Unclean Hands)

24        18.     Plaintiffs' causes of action are barred by the doctrine of unclean hands.

25                  **EIGHTEENTH  AFFIRMATIVE DEFENSE**

26                  (After-Acquired Evidence)

27        19.     Plaintiffs' recovery is limited and/or barred by the after-acquired evidence doctrine.

28    ///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## NINTEENTH AFFIRMATIVE DEFENSE

(No Basis for Statutory Penalties)

20.     Plaintiffs' causes of action for penalties under The Labor Code Private Attorneys General Act, California Labor Code § 2698 *et seq.* ("PAGA"), should be reduced and / or eliminated pursuant to the Court's discretion under California Labor Code § 2699.  It would be unjust, arbitrary and oppressive, or confiscatory to award PAGA penalties in this case.

**WHEREFORE,** Lowe's prays for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint and that their Complaint be dismissed with prejudice;

2.     That judgment be entered against Plaintiffs and in favor of Lowe's;

3.     That Lowe's be awarded its costs of suit herein; and

4.     That Lowe's be awarded such other and further relief as the Court deems just and proper.

Dated:  April 5, 2010                          HUNTON & WILLIAMS LLP


                                               By: _____/s/  Phillip J. Eskenazi_____
                                                        Phillip J. Eskenazi
                                                     Attorneys for Defendant
                                                       LOWE'S HIW, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

**PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071.

5

6

     On **April 5, 2010**, I served the foregoing document(s) described as:

7

**DEFENDANT LOWE'S HIW, INC.'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

8

     on the interested parties in this action as follows:

9

10

    **James M. Treglio**
    **CLARK & MARKHAM LLP**
    **600 B Street, Suite 2130**
    **San Diego, CA  92101**
    (619) 239-1321

    **Walter Haines**
    **UNITED EMPLOYEES LAW GROUP**
    **65 Pine Ave., #312**
    **Long Beach, CA  92101**
    (877) 696-8378

11

12

13

14

☐    **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

15

16

☐    **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

17

18

☐    **By PERSONAL SERVICE:**  I delivered the envelope by hand on the addressee, addressed as stated above.

19

☒    **By FEDERAL EXPRESS:**  by causing same to be delivered via Federal Express to the addressee(s).

20

21

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

     Executed on **April 5, 2010**, Los Angeles, California.

23

24

_____

25

Denise Trotta

26

27

28

**EXHIBIT C**
Page 44

ORIGINAL

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Robert Cohen, an individual, Robert Phillips, an individual, on behalf of themselves, and all others similarly situated | Lowe's HIW, Inc., a Washington Corporation authorized to do business in the State of California, and DOES 1 through 100, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James M. Treglio<br>Clark & Markham LLP<br>600 B Street, Suite 2130, San Diego, CA 92101  Ph: (619) 239-1321 | Phillip J. Eskenazi<br>Hunton & Williams LLP<br>550 So. Hope Street, Suite 2000<br>Los Angeles, CA 90071  (213) 532-2000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $ Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**SACV10-00425 DOC(RNBx)**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s):  SACV 09-00267-CJC (MLGx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
      ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
      ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
      ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | North Carolina |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date  April 7, 2010

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**


This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 425 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.



All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|


Failure to file at the proper location will result in your documents being returned to you.

**Trotta, Denise M.**

| | |
|---|---|
| **From:** | Complex Civil EFiling [efilecomplex@occourts.org] |
| **Sent:** | Monday, April 05, 2010 3:53 PM |
| **To:** | Dolan, John H. |
| **Cc:** | Trotta, Denise M. |
| **Subject:** | Your E-Filing has been received. |

 

**Complex**
C·F·I·L·I·N·G



This notification is being sent to you in response to an e-file submission that included your email address.

Your filing has been **RECEIVED** by the Superior Court. It is not **FILED** at this point; documents are reviewed and prioritized upon receipt and will be processed accordingly. You will receive another notification when the court **ACCEPTS** or **REJECTS** your filing.

Filings are only processed during normal work hours. All filings received after 5 p.m. will be processed and considered filed on the next business day.

**NOTE: A new way to eFile in Orange County** - Please be advised the Superior Court, Orange County, has contracted with an electronic filing service provider (EFSP), **One Legal**, to provide an eFiling system for the court. Beginning April 26, 2010, to eFile with the court, litigants must submit their documents using the EFSP. To obtain more information, including registration with One Legal, visit: www.onelegal.com/OrangeCounty.

| | |
|---|---|
| **Tracking Number:** | 04052010155240-887 |
| **E-Filing Case Number:** | 30-2010-00350453 |
| **Name:** | John H Dolan |
| **Email:** | jdolan@hunton.com |
| **Email (CC):** | dtrotta@hunton.com |
| **Contact Name:** | John H. Dolan |
| **Phone Number:** | 213-532-2000 |

| | |
|---|---|
| **Filing Party:** | Defendant |
| **On Behalf of:** | Lowe's HIW, Inc. |
| **Client/Matter Number:** | 23797.446 |

| | |
|---|---|
| **Department:** | CX-105, Judge Nancy Wieben Stock |
| **Hearing Date:** | |
| **Hearing Time:** | |

| | |
|---|---|
| **File Attachment 1:** | Answer of Lowes HIW to Cohen 4 05 10.pdf |
| **Description 1:** | Defendant Lowe's HIW, Inc.'s Answer to Unverified Class Action Complaint |
| **File Attachment 2:** | |
| **Description 2:** | |
| **File Attachment 3:** | |
| **Description 3:** | |
| **File Attachment 4:** | |
| **Description 4:** | |
| **Message:** | |

Superior Court of California · County of Orange

**EXHIBIT C**
Page 45