# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COHEN, *et al.*,<br><br>             Plaintiffs,<br><br>v.<br><br>LOWE'S HIW, INC.,<br><br>             Defendant. | CASE NO.:  SACV10-00425-CJC (MLGx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Date:         September 24, 2012<br>Time:        1:30 p.m.<br>Courtroom: 9B |

The parties have submitted their Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its May 9, 2012 Order For Preliminary Approval Of Class Action Settlement (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given adequate notice of the terms of the Settlement and their right to participate in, object to, or opt-out of the Settlement. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the United States Attorney General, the California Attorney General, and the attorneys general of all other states where class members resided at the time notice was issued have been given notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the parties, including supplemental briefing, the application for final approval of the settlement, the application for an award of Class Counsel's attorneys' fees and reimbursement of expenses, the application for incentive awards for the Class Representatives, and the evidence and argument received by the Court at the Final Approval Hearing on September 24, 2012, the Court GRANTS final approval of the Settlement, and hereby ORDERS as follows:

1. The Class covered by this Order is defined as: All current and former hourly employees employed by Lowe's HIW, Inc. ("Defendant") in the State of California between December 1, 2007 and May 9, 2012 (*i.e.*, the date of preliminary approval of the settlement), who had commissions and/or SPIFFs (collectively, "Incentive Payments") reversed by Defendant. Any person who previously settled or released all of the claims covered by this settlement, or any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, shall not be a member of the Class.

2. Pursuant to this Court's Preliminary Approval Order, a Notice of Class Action Settlement, Claim Form, and Exclusion Form were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the

Settlement, their right to participate in, object to, or opt-out of the Settlement to pursue their own remedies, and their right to appear in person or through counsel at the Final Approval Hearing to be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the Settlement as part of this notice process and/or stated his or her intent to appear at the Final Approval Hearing.

3. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. For the reasons stated in the Court's Preliminary Approval Order, the Court finds and determines that the proposed Plaintiff Class, as defined in the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Plaintiff Class is finally approved and certified as a class for purposes of settlement of this action.

5. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members who have not opted out shall be bound by the Settlement (subject to Paragraph 14 below), that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6. The Court finds that Defendant has fully complied with CAFA's notice requirements.

7. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be

1 made to the Settlement Class Members out of the Two Million Nine Hundred And
2 Fifty Thousand Dollars ($2,950,000) Maximum Settlement Amount in accordance
3 with the terms of the Settlement.

4     8.    The Court hereby grants and approves the application presented by Class
5 Counsel for an award of attorneys' fees in the amount of $737,500, to be paid in
6 accordance with the terms of the Settlement.

7     9.    The Court hereby grants and approves the application presented by Class
8 Counsel for an award of costs and expenses in the amount of $21,657.70, to be paid in
9 accordance with the terms of the Settlement.

10     10.    The Court hereby grants and approves the application presented by the
11 Class Representatives for an incentive award in the amount of $5,000 each, to be paid
12 in accordance with the terms of the Settlement.

13     11.    The Court hereby grants and approves the application for payment of
14 costs of administration of the settlement including, without limitation, the fees and
15 expenses of Rust Consulting, Inc., the settlement and claims administrator approved
16 by the Court (the "Claims Administrator").

17     12.    Upon completion of administration of the Settlement, the Claims
18 Administrator will provide written certification of such completion to the Court and
19 counsel for the parties.

20     13.    Upon the Effective Date of the Settlement (as defined in paragraph 16 of
21 the Settlement), the members of the Plaintiff Class, including the Class
22 Representatives, shall release Defendant and each of its respective past, present and
23 future owners, stockholders, parent corporations, related or affiliated companies,
24 subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs,
25 representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers,
26 and their respective successors and predecessors in interest, each of their company-
27 sponsored employee benefit plans of any nature (including, without limitation, profit-
28 sharing plans, pension plans, 401(k) plans, and severance plans) and all of their

3
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from the "Released Claims," as defined below and in paragraph 18 of the Settlement, but subject to the Fair Labor Standards Act ("FLSA") carve-out described in Paragraph 14 below.

        (a)    <u>Released Claims</u>

For purposes of the Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that were or could have been asserted in the lawsuit for the alleged violation of California wage and hour laws (including California Labor Code §§ 201-203, 221, 226, or 2698 *et seq.* (PAGA)) and the FLSA, 29 U.S.C. § 201, *et seq.*, to the extent the FLSA claims arise out of facts and/or claims asserted or that could have been asserted in this lawsuit, whether for economic damages, non-economic damages, restitution, penalties (including waiting time penalties), wages, liquidated damages, interest or attorneys' fees, including but not limited to: the causes of action asserted in the Complaint for the alleged failure to itemize wage statements and the alleged making of unlawful wage deductions, which causes of action include, but are not limited to, allegations that members of the Plaintiff Class were not provided with accurate itemized wage statements because, *inter alia*, such wage statements did not include all information about Incentive Payments as required by law, allegations that Incentive Payments were unlawfully deducted from the wages of members of the Plaintiff Class, allegations that members of the Plaintiff Class were not timely paid all Incentive Payments, during or upon termination of employment during the Class Period; and as related to the foregoing, the causes of action for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code § 17200, *et seq.*, and causes of action under PAGA.

1                      (b)     <u>California Civil Code Section 1542 Waiver</u>

2         With respect to the Released Claims only, the members of the Class shall be
3 deemed to have, and by operation of the Final Judgment shall have, expressly waived
4 and relinquished, to the fullest extent permitted by law, the provisions, rights and
5 benefits of Section 1542 of the California Civil Code, or any other similar provision
6 under federal or state law that purports to limit the scope of a general release.

7        14.     Notwithstanding anything in the parties' Settlement or this Order to the
8 contrary, no member of the Plaintiff Class shall be deemed to have released any
9 claims arising under the FLSA, unless those individuals affirmatively opted-in to the
10 settlement by submitting and signing a valid and timely Claim Form. *Apparicio v.*
11 *Radioshack Corp. et al.*, No. CV 08-1145, 2009 U.S. Dist. LEXIS 49316, at *6-7
12 (C.D. Cal. May 21, 2009). Conversely, members of the Plaintiff Class who submitted
13 and signed valid and timely Claims Forms shall be bound by the full scope of the
14 release in the Parties' Settlement, which expressly includes a release of certain claims
15 arising under the FLSA.

16        15.     Pursuant to the Settlement, all Class Members (except for those who filed
17 Exclusion Forms) are permanently barred from prosecuting the Released Parties for
18 any Released Claims.

19        16.     The parties are hereby ordered to comply with the terms of the
20 Settlement.

21        16.     This action and the claims alleged in the Complaint filed in the action are
22 hereby ordered dismissed with prejudice, with each side to bear its own costs and
23 attorneys' fees, except as provided by the Settlement.

24        18.     Without affecting the finality of this Final Order in any way, this Court

26 / / /
27 / / /
28 / / /

retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

**IT IS SO ORDERED.**

Dated: September 24, 2012

_____
Cormac J. Carney
UNITED STATES DISTRICT JUDGE